| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-1(b)** | **Order Filed on March 14, 2018<br>by Clerk, U.S. Bankruptcy<br>Court - District of New Jersey** |
| In Re:<br><br>Edward A. Tirpak | Case No.:   17-17631<br><br>Chapter:   13<br><br>Hearing Date:   February 14, 2018<br><br>Judge:   Stacey L. Meisel |

**ORDER DENYING MOTION TO ALLOW DEBTOR, EDWARD A. TIRPAK, TO PROCEED WITH FEE ARBITRATION AGAINST DOUGLAS A. COLE, ESQ.**

The relief set forth on the following pages, numbered two (2) through ____3____ is **ORDERED**.

**DATED: March 14, 2018**

Honorable Stacey L. Meisel
United States Bankruptcy Judge

Page 2 of 3
Debtor:                Edward A. Tirpak
Case No.:              17-17631
Caption of Order:      Order Denying Motion to Allow Debtor, Edward A. Tirpak, to Proceed With Fee Arbitration Against Douglas A. Cole, Esq.

**THIS MATTER** having been brought before the Court on a *Motion to Allow Debtor, Edward A. Tirpak, to Proceed With Fee Arbitration Against Douglas A. Cole, Esq.* (Docket No. 62) ("**Motion**") by debtor Edward A. Tirpak ("**Debtor**"), by and through his counsel, John A. Lipowski;

**WHEREAS** Debtor seeks permission from this Court to proceed with fee arbitration against his former counsel, Douglas A. Cole ("**Mr. Cole**"), pursuant to a New Jersey Office of Attorney Ethics *Attorney Fee Arbitration Request Form* ("**Fee Arbitration Request**") attached as an exhibit to the Motion (Docket No. 62-4 at 2-3);

**WHEREAS** the Fee Arbitration Request asserts that Mr. Cole agreed to handle a bankruptcy matter for Debtor on or about February 6, 2017, in connection with which Debtor paid Mr. Cole $6,000.00 in February 2017 (*see id.* at 2, 3);

**WHEREAS** Debtor filed his voluntary Chapter 13 petition on April 14, 2017 (the "**Petition Date**");

**WHEREAS** 11 U.S.C. § 329(a) requires attorneys retained pre-petition to provide the Court with a statement of the compensation paid or agreed to be paid by the debtor within the year prior to the petition date for "services rendered or to be rendered in contemplation of or in connection with the case;"

**WHEREAS**, under Section 329(b), if such compensation "exceeds the reasonable value" of the services rendered, then the Court may, among other things, require a return of such payments to the estate; and

**WHEREAS** this Court therefore has jurisdiction over the fee dispute between Debtor and Mr. Cole described in the Fee Arbitration Request;

Page 3 of 3
Debtor:              Edward A. Tirpak
Case No.:            17-17631
Caption of Order:    Order Denying Motion to Allow Debtor, Edward A. Tirpak, to Proceed
                     With Fee Arbitration Against Douglas A. Cole, Esq.

It is hereby

**ORDERED** that the Motion is DENIED.

United States Bankruptcy Court
District of New Jersey

In re:  
Edward A. Tirpak  
    Debtor

Case No. 17-17631-SLM  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0312-2    User: admin    Page 1 of 1    Date Rcvd: Mar 15, 2018  
                 Form ID: pdf903    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 17, 2018.  
db          +Edward A. Tirpak,    1 Elaine Court,    Randolph, NJ 07869-4725

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                                                                     TOTAL: 0

            ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                                  TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 17, 2018                                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 15, 2018 at the address(es) listed below:  
         Brian C. Nicholas    on behalf of Creditor    MidFirst Bank bnicholas@kmllawgroup.com, bkgroup@kmllawgroup.com  
         Denise E. Carlon    on behalf of Creditor    MidFirst Bank dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com  
         John A. Lipowski    on behalf of Debtor Edward A. Tirpak jal1001@aol.com  
         John R. Morton, Jr.    on behalf of Creditor    Wells Fargo Bank, N.A., d/b/a Wells Fargo Dealer Services ecfmail@mortoncraig.com, mortoncraigecf@gmail.com  
         Marie-Ann Greenberg    magecf@magtrustee.com  
         U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov  
         William M. E. Powers, III    on behalf of Creditor    CitiMortgage, Inc. ecf@powerskirn.com  
         William M.E. Powers    on behalf of Creditor    CitiMortgage, Inc. ecf@powerskirn.com  
         William M.E. Powers, III    on behalf of Creditor    CitiMortgage, Inc. ecf@powerskirn.com  
                                                                                                                              TOTAL: 9